UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY DE JONG,

Plaintiff,

v.

GREAT WOLF RESORTS, INC., d.b.a. GREAT WOLF LODGE, and GREAT LAKES SERVICES, LLC,

Defendants.

CASE NO. 19-5354 RJB

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the Defendant Great Lakes Services LLC's ("Great Wolf") Motion for Summary Judgment. Dkt. 47. Defendant Great Lakes Services, LLC is the parent company of the now dismissed Defendant Great Wolf Resorts, Inc. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

In this diversity case, the Plaintiff claims that Great Wolf created, perpetuated, and failed to address a hostile work environment based on his sex/gender, and retaliated against him by terminating his employment all in violation of the Washington Law Against Discrimination, RCW § 49.60, *et seq*., ("WLAD"). Dkt. 35. Great Wolf now moves for summary judgment,

arguing that the Plaintiff cannot show that the alleged harassment occurred because of his sex/gender or that it affected the terms or conditions of his employment. Dkt. 47. As to his retaliation claim, it argues that the Plaintiff can't show that that there was a causal connection between the Plaintiff's discharge and his purported protected activity, or that its legitimate reason for terminating his employment was pretextual. *Id*. For the reasons provided below, the motion (Dkt. 47) should be granted and the case dismissed. The parties are familiar with the evidence in the record and it need not be repeated here.

**A. STANDARD ON MOTION FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. WASHINGTON SUBSTANTIVE LAW APPLIES**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as here, apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

**C. HOSTILE WORK ENVIRONMENT CLAIM**

The WLAD prohibits employer discrimination based on "sex." RCW 49.60.180(3). The statute provides that "sex means gender." RCW 49.60.040 (25). To establish a prima facie hostile work environment claim case under the WLAD, a plaintiff must show that, because of their sex, they were subjected to unwelcome conduct "that was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive working environment," and was imputable to the employer. *Campbell v. Hawaii Dep't. of Educ.*, 892 F.3d 1005, 1007 (9th Cir.

2018)(*internal quotation marks and citations omitted*); *Loeffelholz v. Univ. of Washington*, 175 Wash. 2d 264, 274 n.1 and 275 (2012)(*noting* that Washington courts have traditionally found federal case law persuasive and use the same prima facie test).

Great Wolf argues that the Plaintiff has failed to allege sufficient facts that the alleged harassment occurred "because of" Plaintiff's sex and that it was not sufficiently severe or pervasive enough to alter the conditions of the Plaintiff's employment. Dkt. 47.

In determining whether harassment is "because of sex," "the question to be answered here is: would the employee have been singled out and caused to suffer the harassment if the employee had been of a different sex? This statutory criterion requires that the gender of the plaintiff-employee be the motivating factor for the unlawful discrimination." *Glasgow v. Georgia-Pac. Corp.*, 103 Wn.2d 401, 406 (1985). "That the Legislature intended the word 'sex' to mean a classification rather than activity of a sexual nature generally is apparent from its placement in a list of other classifications according to which human beings can be characterized, e.g., age, race, color, creed, marital status, and national origin." *Doe v. State, Dep't of Transp.*, 85 Wn. App. 143, 149 (1997).

Great Wolf's motion to dismiss the Plaintiff's claim for hostile work environment based on sex/gender should be granted. The Plaintiff has failed to point to sufficient evidence to demonstrate that because of his sex, he was subjected to harassment. The Plaintiff, in his verified Second Amended Complaint, asserts that former employee Milani said that he "objectified women," and after that did not work, began circulating rumors about him having an affair with Herbert, a married woman, who was a co-worker. Dkt. 35. He maintains that even after Milani's employment was terminated (around two months after she began this behavior) the management at Great Wolf failed to stop other employees from circulating the rumor and

continued to raise concerns about the alleged affair. *Id.* Fatal to his claim, however, is that the Plaintiff acknowledged in his deposition testimony that his managers' failure to stop the rumor and their concerns about the affair were directed at both himself and Herbert, the woman involved. Dkt. 52, at 24 and 30. The Plaintiff has failed to point to sufficient facts to show that he would not have been treated the same way had he been a woman. According to his own testimony, both he and the woman concerned were treated the same. The Court need not reach Great Wolf's remaining arguments on this claim. It should be dismissed.

**D. RETALIATION CLAIM**

To make a claim for retaliation under the WLAD, plaintiffs must show (1) they engaged in a protected activity, (2) an adverse employment action occurred and (3) a causal link between the two. *Milligan v. Thompson*, 110 Wash. App. 628, 42 P.3d 418, 424 (2002); *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

If a plaintiff establishes a prima facie case, then the defendant may attempt to rebut the case by presenting evidence of a legitimate non-discriminatory reason for the adverse employment action. *Estevez v. Faculty Club of Univ. of Washington*, 129 Wash. App. 774, 797-798 (2005). If the defendant carries its burden, the burden then shifts back to the plaintiff, who can attempt to prove that the employer's reason is pretextual. *Estevez,* at 798.

Great Wolf's motion to dismiss Plaintiff's retaliation claim should be granted. Even assuming that the Plaintiff established a prima facia case of retaliation, Great Wolf pointed to evidence of a non-discriminatory reason for termination of the Plaintiff's employment: his failure to accept the Performance Improvement Plan ("PIP"). Under the burden shifting scheme, then, the Plaintiff has the burden to demonstrate that Great Wolf's reason was pretextual. *Estevez,* at 798. To show pretext, Plaintiff has to provide some evidence that the Great Wolf's reason is

"unworthy of belief." *Brown v. City of Tacoma*, 179 Wash. App. 1028 (2014). The Plaintiff has failed to point to any evidence that Great Wolf's termination of his employment for failure to accept the PIP was pretextual. He does not address the issue in his Response brief other than to provide the legal standard. Further, the evidence in the record supports Great Wolf's contention that it's decision to terminate the Plaintiff's employment was not pretextual. In his deposition, the Plaintiff acknowledges that the PIP had nothing to do with his sexual harassment reports or with the sexual harassment, but was based on work performance deficiencies (some, but not all, of which he disputed). Dkt. 52, at 51-52. The Plaintiff concedes that he was discharged because he refused to comply with the PIP. Dkt. 52, at 52. The Plaintiff has not pointed to any evidence that the Great Wolf's reason for termination of his employment is "unworthy of belief." The Plaintiff's claim for retaliation should be dismissed.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- The Defendant's Motion for Summary Judgment (Dkt. 47) **IS GRANTED**; and
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of December, 2020.

ROBERT J. BRYAN
United States District Judge